IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 3:13-cv-409-DCK

**CHRISTINA TRIMBLE,**

    Plaintiff,

    v.

**THE BOARD OF PENSIONS OF THE
PRESBYTERIAN CHURCH (U.S.A.),**

    Defendant.

## AMENDED COMPLAINT
### (Jury Trial Requested)

Plaintiff alleges:

### PARTIES

1.    Plaintiff is a citizen and resident of Union County, North Carolina.

2.    Defendant THE BOARD OF PENSIONS OF THE PRESBYTERIAN CHURCH (U.S.A.) (hereinafter, "Defendant Board" or "the Board of Pensions") is a duly incorporated not for profit organization incorporated in the State of Pennsylvania. It serves as the Plan Sponsor and Plan Administrator for The Death and Disability Plan of the Benefits Plan of the Presbyterian Church (U.S.A.) (hereafter, the "Plan").

3.    Defendant has retained LIBERTY MUTUAL INSURANCE COMPANY (hereinafter "Liberty Mutual") to serve as claims administrator and for claims management services, but Defendant, as Plan Sponsor and Plan Administrator, retains sole discretion and responsibility for all plan decisions and final appeals. As such, Liberty Mutual serves as an agent of the Plan, and its actions, taken on behalf of Defendant, are imputed to Defendant. Liberty Mutual is not a necessary party to this action and is not named as a Defendant.

## JURISDICTION

4.  This matter is not subject to E.R.I.S.A. (*See* 29 U.S.C. §1003, et seq., because the benefits at issue in this action are provided under the terms and provisions of a "church plan" which is established and administered by the Presbyterian Church, USA and therefore is exempt from ERISA coverage.

5.  This Court has jurisdiction to hear this matter based upon complete diversity of citizenship of the parties, and because the amount in controversy exceeds $75,000.00.

6.  Venue in the Western District of North Carolina is proper because Defendant does substantial business here.

## FACTUAL ALLEGATIONS

7.  Plaintiff is an ordained Presbyterian minister and is a covered beneficiary under the Plan that is sponsored and administered by Defendant.

8.  In 2008, Plaintiff became disabled due to certain medical problems from which she suffers. She applied for and was found eligible to receive LTD benefits under Defendant's plan, beginning July 6, 2010.

9.  Plaintiff received LTD benefits under Defendant's plan from July 6, 2010, through October 31, 2012. Defendant notified Plaintiff that it had concluded that Plaintiff no longer was disabled, and it therefore terminated benefits, effective October 31, 2012.

10. Plaintiff appealed the termination of her LTD benefits, but Defendant upheld its decision in a letter dated May 24, 2013.

11. At all times relevant to this action, Plaintiff has been and continues to be unable to perform the material and substantial duties of her occupation, or any other occupation for which she is reasonably suited by education, training or experience.

FIRST CLAIM: BREACH OF CONTRACT

12. The Defendant's disability plan under which Plaintiff is a beneficiary constitutes a contract.

13. Pursuant to the terms and conditions of the contract, the Defendant owes certain duties and obligations to the Plaintiff. The contract calls for payment of certain benefits to the Plaintiff in the event that Plaintiff meets the plan definitions for total disability residual disability and or recovery benefits.

14. Plaintiff has submitted to the Defendant proof of her entitlement to total and residual disability benefits, and the Plaintiff has complied with the terms and conditions of the plan in every way.

15. Despite compliance with the terms and conditions of the plan by the Plaintiff, the Defendant has failed and refused to provide benefits called for under the terms of the plan. Defendant's termination of LTD benefits owed to Plaintiff under the Plan is in violation of the contractual provisions thereof.

16. As a result of Defendant's breach of contract, Plaintiff has suffered damages, including but not limited to the loss of past and continuing monthly disability benefits she should have received from Defendant, prejudgment interest and other damages.

SECOND CLAIM: BREACH OF FIDUCIARY DUTY

If the court concludes that plaintiff's claims are not based upon contract, then, as allowed by Rule 8(d) of the Federal Rules of Civil Procedure, plaintiff alleges in the alternative:

17. Plaintiff incorporates paragraphs 1 through eleven above by reference.

18. The Death and Disability Plan of the Benefits Plan of the Presbyterian Church (U.S.A.) under which Plaintiff is a beneficiary constitutes a trust.

19. Pursuant to the terms and conditions of the trust, the Defendant owes certain duties and obligations to the Plaintiff. The Plan calls for payment of certain benefits to the Plaintiff in the event that Plaintiff meets the plan definitions for total disability, residual disability, and/or recovery benefits.

20. Plaintiff has submitted to the Defendant proof of her entitlement to total and residual disability benefits, and the Plaintiff has complied with the terms and conditions of the plan in every way.

21. Despite compliance with the terms and conditions of the plan by the Plaintiff, the Defendant has failed and refused to provide benefits called for under the terms of the plan. Defendant's termination of LTD benefits owed to Plaintiff under the Plan is in breach of the trust and the provisions thereof.

22. As a result of Defendant's breach of trust, Plaintiff has suffered damages, including but not limited to the loss of past and continuing monthly disability benefits she should have received from Defendant, prejudgment interest and other damages.

WHEREFORE, Plaintiff prays that the Court:

1. Enter an award of damages in the amount to be determined by the Jury or Court in the trial of this action, in excess of $75,000.00, together with interest from the date of denial of benefits until the date of payment;

2. Grant Plaintiff declaratory relief, finding that she is disabled under the contractual provisions of the policy, or alternatively under the trust provisions of the plan;

3. Grant a trial by jury on all issues so triable;

4. Enter judgment awarding Plaintiff her costs of this action; and

5. Enter an Award for such other relief as may be just and appropriate.

This the 18th day of March, 2013.

/s/Edward G. Connette_____
Edward G. Connette
NC Bar No.: 9172
*Counsel for Plaintiff*
Essex Richards, PA
1701 South Boulevard
Charlotte NC 28203-4727
Ph (704) 377-4300
Fax (704) 372-1357
E-mail: EConnette@essexrichards.com

/s/Robert E. Hoskins_____
Robert E. Hoskins
SC Bar No.: 14305
Foster Law Firm, LLC
Post Office Box 2123
Greenville SC 29602
Ph (864) 242-6200
Fax (864) 233-0290
E-mail: rhoskins@erisaexperience.com

*Pending Pro Hac Vice Admission*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I have served the foregoing amended complaint on each party separately represented by electronic transmission, followed by first class mail, to the following parties registered to receive such service:

>Kelly S. Hughes
>Robert M. Bisanar
>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
>201 South College Street, Suite 2300
>Charlotte NC 28244

Dated: March 18th, 2014.

>s/Edward G. Connette
>Edward G. Connette
>ESSEX RICHARDS, P.A.
>1701 South Boulevard
>Charlotte, NC 28203-4727